RICHARD HUTCHINSON, ET AL., *v.* PETER JETT, GUARDIAN.

**Guardian and Ward—Suit on Guardian's Bond—Parties—Pleading—Judgment Excessive.**
> Where in a suit on a former guardian's bond it is averred that a new guardian has been appointed, it will be presumed by the court of appeals that the former guardian had resigned or been discharged.

**Parties to Suit.**
> It is not necessary to sue in the name of the state to recover on a guardian's bond. Such a suit should be brought in the name of the ward by his next friend or guardian.

**Pleading.**

> The petition in a suit on guardian's bond must set forth in terms or substance the conditions in the bond which is the foundation of the action, and making the bond an exhibit cannot take the place of such averments.

**Excessive Judgment.**

> A judgment in a suit on a guardian's bond is excessive which is for a greater sum than demanded by the petition.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

#### October 16, 1874.

OPINION BY JUDGE COFER:

The allegation of the petition that appellee had been appointed. guardian of the ward not being denied, it must be presumed that Davidson had resigned, or had been removed. He was appointed by the same county court that appointed the appellee, Davidson, and it must be presumed in favor of the correctness of the action of the court, that the office had, in some way, become vacant.

It was not necessary to sue in the name of the commonwealth, for any one may sue on a guardian's bond as the next friend of the ward, at any time before he attains his majority. Sec. 10, Chap. 48, General Statutes. And by the provisions of Sec. 30, Civil Code, "every action must be prosecuted in the name of the real party in interest."

The action could not, however, be prosecuted in the name of the guardian, but should have been in the name of the ward by her guardian, or next friend. Sec. 53, Civil Code; *Anderson v. Watson,* 3 Met. 509. Section 33 of the code only applies to suits on contracts made with, or in the name of the guardian, for the benefit of the ward.

The original petition is also defective in failing to set forth in terms, or in substance, the conditions and covenants in the bond which is the foundation of the action. The only reference to the bond in the petition, is that Davidson "gave bond as guardian as aforesaid, with the defendant, Richard Hutchinson, as his surety," which bond is filed and made part of the petition marked "B. D."

It has been an established doctrine of this court, recognized by an unbroken line of adjudications commencing with the case of *Hill for Use of Wintersmith v. Barrett, et al.,* 14 B. Mon. 67, that the petition shall state the facts constituting the cause of action, and that admitted facts necessary to a complete cause of action, although con-

11

tained in a writing filed with, and as a part of the petition, cannot be supplied by reference to such paper. This rule is necessarily alike for convenience and safety, and should be adhered to.

The amended petition is defective also. It contains no averment that the former guardian had received the additional sum shown by the exhibit filed with it; but the averment is that it is shown by said statement that the defendant has drawn from said government the sum of $979.47. This is not equivalent to an averment that he had received such sum.

If there had been a prayer in the original petition for a judgment for interest on the fund in the guardian's hands, the judgment would not have been for too much; and if the original petition had been good, there could have been no reversal for the defect in the amended petition, but as there was no such prayer, the judgment was for more than the pleadings authorized.

Wherefore the judgment is *reversed*, and cause is remanded with directions to allow the appellee to amend his petition, and for further proceedings.

*J. W. Rodman, for appellant.*
*W. Jett, for appellee.*